**Lewis LYLES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–87–00588–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 18, 1988.

Charles Portz, Houston, for appellant.

John B. Holmes Dist. Atty. Debbie Mantooth, Asst. Dist. Atty., for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

OPINION

EVANS, Chief Justice.

This is an appeal from a conviction for a burglary of a habitation. Appellant pleaded guilty pursuant to a plea bargain under which enhancements were abandoned but the State made no recommendation regarding the sentence. The court found appellant guilty as charged in the indictment and assessed punishment at 65 years confinement.

In two points of error, appellant attacks the constitutionality of Tex.Code Crim.P. art. 1.15 (Vernon 1977); in two further points, appellant contends first, that he did not knowingly and intelligently waive his rights to a trial by jury, and second, that it was fundamental error for the court to accept a no contest plea because the record is silent with regards to waiver of the right to compulsory process.

■ In his first two points of error, appellant contends that article 1.15 violates constitutional due process and equal protection because it denies a right to compulsory process. He argues that, in a bench trial, the statute prohibits the judge from considering evidence offered by the defense. Appellant deduces this prohibition from the language of the article, which reads, "it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment...."

Appellant misconstrues both the purpose and the effect of article 1.15. The purpose of the article is to ensure that no person may be convicted of a felony on a plea of guilty without sufficient evidence being introduced to show guilt. *Crawford v. State,* 161 Tex.Crim.R. 554, 278 S.W.2d 845 (1955). The effect of the article is to maintain the burden of proof on the State even

where a plea of guilty or nolo contendere has been entered by the defendant. *Thornton v. State,* 601 S.W.2d 340, 344 (Tex.Crim.App.1980). The article neither prohibits the defendant from offering evidence nor prohibits the court from considering the evidence offered by the defendant. In this case, appellant offered evidence during the punishment phase of the trial. In a similar attack on the constitutionality of article 1.15, it was held that the article does not violate due process or equal protection. *Vanderburg v. State,* 681 S.W.2d 713 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd).

Appellant's first two points of error are overruled.

In his third point of error, appellant contends that the trial court lacked jurisdiction because the appellant did not knowingly and intelligently waive his right to trial by jury in that he was not advised that he could not introduce evidence on his own behalf.

This point of error is based on the same faulty premise underlying points of error one and two. Appellant did introduce evidence on his own behalf during the punishment phase of the trial. He also signed four stipulations of evidence that were introduced by the State after appellant's plea of guilty was entered. After signing these stipulations, appellant took the witness stand and identified his signature on each of the stipulations.

Appellant's third point of error is overruled.

In his fourth point of error, appellant contends that there is fundamental error because the record is silent about a waiver of appellant's right to compulsory process. It should first be noted that appellant did not plead no contest. He pleaded guilty.

 There is no requirement that appellant waive his right to compulsory process. The Supreme Court has held that, when a plea of guilty is to be entered, three important federal rights must be specifically waived: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers.

*Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). It is uncontested that appellant waived these three rights in writing in open court as required by article 1.15. There is no requirement that appellant specifically waive the right to compulsory process. As noted in *Vanderburg,* there is no requirement that a defendant be presented with a laundry list of constitutional rights that are waived by a plea of guilty or that he make a separate waiver of each for the purpose of the record. *Vanderburg,* 681 S.W.2d at 717.

Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.