**Manuel PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–00–00098–CR, 01–00–00099–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 9, 2000.

Henry L. Burkholder, III, Houston, for Appellant.

John B. Holmes, Calvin Hartmann, Houston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices WILSON and ANDELL.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

The Court, on its own motion, withdraws its opinion of October 5, 2000, and issues this opinion in its stead.

Appellant, Manuel Perez, pleaded guilty, with an agreed recommendation on punishment, to two indictments for aggravated sexual assault. The trial court, in accor-

dance with the plea agreements, assessed punishment at 10 years confinement on each conviction. Appellant filed a timely pro se notice of appeal. We dismiss for want of jurisdiction.

■ Appellant's notice of appeal does not comply with Texas Rule of Appellate Procedure 25.2(b)(3), which requires that the notice: (A) specify that the appeal is for a jurisdictional defect; (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal. TEX.R.APP.P. 25.2(b)(3).

The notice of appeal in these cases, which appears to have been copied from a form book, provides in pertinent part:

> If the Defendant has plead guilty or nolo contendere in this case, then he/she must state and prove that he/she has been granted permission to appeal the case by the trial court.
> Example: The defendant has been granted permission to appeal this case by the trial court through the Honorable Judge _____ on the ___ day of ___ 19__.
> Or defendant must state "Those matters were raised by written motion by the defendant and were ruled upon before trial."

There is nothing in the record, or in the notice of appeal, to suggest that the trial court granted permission to appeal these cases. Additionally, the clerk's record does not show that any pretrial motions were filed or ruled on before entry of appellant's plea. Finally, neither appellant's notice of appeal nor his appellate briefs allege a jurisdictional defect.

■ Therefore, we conclude that appellant's notice of appeal does not comply with Rule 25.2(b)(3). Because the time for filing a proper notice of appeal has long since expired, appellant may not file an amended notice of appeal to correct jurisdictional defects. *State v. Riewe*, 13 S.W.3d 408, 413–14 (Tex.Crim.App.2000).

■ However, this Court, and a majority of Texas court's of appeals, have held that a general notice of appeal confers jurisdiction to consider the voluntariness of a plea. *Davis v. State*, 7 S.W.3d 695, 697 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Appellant's briefs do not complain that his pleas were involuntary. Instead, appellant argues in four points of error that his plea proceedings were unconstitutional because his right to compulsory process was violated.

The issues raised by appellant are well settled and have been repeatedly decided against him in this and other courts. *See, e.g., Lyles v. State*, 745 S.W.2d 567, 567–68 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Vanderburg v. State*, 681 S.W.2d 713, 716 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd).

However, because appellant's notice of appeal only gives this Court jurisdiction to review claims relating to the voluntariness of his appeals, and appellant does not claim that his pleas were involuntary, we dismiss his appeals for want of jurisdiction.