**Ray GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–00–00461–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 13, 2001.

Carlos L. Correa, Houston, for appellant.

John B. Holmes, Carmen Castillo Mitchell, Houston, for state.

Panel consists of Justices COHEN, BRISTER, and SMITH.*

**OPINION**

COHEN, Justice.

Appellant waived a court reporter's presence and pled guilty to aggravated robbery. By agreement, the trial judge assessed punishment at 12 years in prison. We dismiss the appeal for want of jurisdiction.

In three issues, appellant claims (1) his plea was involuntary, (2) his trial counsel was ineffective, and (3) the trial judge erred in denying a hearing on his new trial motion.

Appellant's general notice of appeal alleges neither jurisdictional defects nor that the appeal concerns the denial of written

pretrial motions or that the trial judge permitted the appeal. See TEX.R.APP.P. 25.2(b)(3). In fact, the trial judge expressly denied this appeal. Appellant may not now amend his notice of appeal. See State v. Riewe, 13 S.W.3d 408, 413–14 (Tex.Crim. App.2000). Thus, we have no jurisdiction to consider any of appellant's issues. See Perez v. State, 31 S.W.3d 809, 810 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (holding general notice of appeal generally insufficient to confer jurisdiction over appeal from a negotiated plea in a felony case); see also Cooper v. State, 45 S.W.3d 77, 81, (Tex.Crim.App.2001) (designated for publication) (overruling Flowers v. State, 935 S.W.2d 131 (Tex.Crim.App. 1996), to hold that an appellant may not appeal, under a general notice of appeal, his negotiated felony plea's voluntariness).[1]

Accordingly, we dismiss the appeal for want of jurisdiction.

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Until this month, the majority of courts of appeals, including this Court, had followed Flowers's holding that an appellant could

challenge his negotiated felony plea's voluntariness despite a general notice of appeal. See, e.g., Davis v. State, 7 S.W.3d 695, 697 (Tex.App.—Houston [1st Dist.] 1999, no pet.). The Cooper Court has now precluded that review.