Brandon Lavar Russell v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-038-CR

     BRANDON LAVAR RUSSELL,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 263rd District Court
Harris County, Texas
Trial Court # 840,241
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Russell appeals his conviction for aggravated robbery, for which he was sentenced
to eleven years in the Texas Department of Criminal Justice - Institutional Division.
      Appellant was indicted for the aggravated robbery of James Sears, alleged to have been
committed on January 13, 2000. On September 14, 2000, Appellant waived trial by jury, and
without a plea bargain agreement, plead guilty to the offense, requesting a pre-sentence
investigation and deferred adjudication community service. Following the pre-sentence
investigation, the trial court found Appellant guilty and sentenced him to eleven years in prison.
      Appellant appeals on six points of error.
      Appellant’s first four points assert that the trial court committed fundamental error: 1) in
convicting him under the provisions of Tex. Code Crim. Proc. Art. 1.15, as the provision is an
unconstitutional violation of due process under both the Texas and Federal Constitutions, since
the trial judge cannot consider any evidence offered by the defense, thus depriving Appellant the
right of compulsory process, and 2) in proceeding to the entry of judgment where the record is
silent as to the waiver of Appellant’s right to compulsory process.
      Article 1.15, Tex. Code Crim. Proc. provides in pertinent part:
No person can be convicted of a felony except upon the verdict of a jury unless he waives
his right of trial by jury in writing, provided however, it shall be necessary for the state
to introduce evidence showing the guilt of the defendant, and in no event shall a person
be convicted upon his plea without sufficient evidence to support the same. The evidence
may be stipulated if the defendant consents in writing to waive the appearance,
confrontation and cross-examination of witnesses.

      Appellant argues that under the terms of the statute, the court must base its determination of
guilt or innocence on the evidence stipulated or offered by the State alone, and by its very terms,
the trial court is barred from considering evidence offered by the defendant.
      Appellant stipulated in writing that he committed the offense of aggravated robbery as alleged
in the Indictment. Appellant did not seek to offer any evidence.
      To preserve error for appellate review, the complaining party must make a timely specific
objection. The objection must be made at the earliest possible opportunity. The complaining
party must obtain an adverse ruling from the trial court. Finally, the point of error on appeal must
correspond to the objection made at trial. Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim.
App. 1991); Tex. R. App. Proc. 33.1.
      Appellant did none of the above, and thus has not preserved the matters complained of in his
first four points of error for appellate review.
      Moreover, Appellant’s precise claims have been rejected by Texas courts. Lyles v. State, 745
S.W.2d 567, 568 (Tex. App.—Houston [1st Dist] 1998, pet. ref’d); Vanderburg v. State, 681
S.W.2d 713, 716 (Tex. App.—Houston [14th Dist] 1984, pet. ref’d).
      Finally, this was an open plea of guilty. There was no plea bargain. The record reflects that
Appellant’s plea was knowingly, intelligently and voluntarily made. Where a plea of guilty is
voluntarily entered into without the benefit of a plea bargain, all non-jurisdictional defects
occurring before the guilty plea are waived. Jack v. State, 871 S.W.2d 741, 744 (Tex. Crim.
App. 1994); Helms v. State, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972).
      Appellants first four points of error are overruled.
      Appellants fifth and sixth points assert that the trial court erred in assessing his punishment
at 11 years, because such sentence is cruel and unusual punishment and was not proportional to
the offense committed.
      The punishment range for aggravated robbery is 5 years to 99 years or life and a fine of up
to $10,000.
      When punishment is within the statutory range, the punishment is not cruel and unusual. 
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Reed v. State, 794 S.W.2d 806,
811 (Tex. App.—Houston [14th Dist.] 1990, pet. ref’d). Appellant’s punishment was within and
at the lower end of the statutory range for the first degree felony of aggravated robbery. 
Moreover, Appellant waived any complaint to the punishment assessed by his failure to timely
object in the trial court. Rhoads v. State, 934 S.W.2d 112, 120 (Tex. Crim. App. 1996).
      Appellant fifth and sixth points of error are overruled.
      The judgment is affirmed.



                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 9, 2001
Do not publish