In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00033-CR

____________


MARK ANTHONY JOHNSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 97CR0688






O P I N I O N

 Appellant, Mark Anthony Johnson, was charged by indictment with the offense of
possession of a controlled substance, with two felony enhancements. Appellant pleaded
guilty to the charge and true to the enhancements. The trial court, finding appellant guilty
and the enhancements true, assessed punishment at confinement for 25 years pursuant to a
plea agreement. We affirm.

BACKGROUND


 The trial court entered judgment and sentenced appellant on December 1, 1998. 
Appellant's court-appointed attorney at trial did not file a notice of appeal after the trial court
signed the judgment, although she informed the court orally that appellant wanted to appeal
the issue of his writ of habeas corpus and motion to dismiss that was presented to the trial
court in writing prior to the entry of his guilty plea. In addition, the trial attorney did not file
a motion for new trial, but requested that new counsel be appointed for the appeal. The trial
court appointed appellate counsel on February 4, 1999, more than 30 days after the judgment
was signed. Appellant filed a notice of appeal on February 9, 1999, stating that appellant
wished to appeal matters raised by written motion and ruled on before trial and jurisdictional
defects. This Court dismissed the appeal for lack of jurisdiction because the notice of appeal
was not timely. Johnson v. State, No. 01-99-00151-CR (Tex. App.--Houston [1st Dist.]
March 25, 1999, no pet.) (not designated for publication). 

 On a post-conviction application for a writ of habeas corpus, the Court of Criminal
Appeals granted appellant an out-of-time appeal and gave appellant 30 days from the date
of mandate in which to file a notice of appeal. Ex parte Johnson, No. 73,951 (Tex. Crim.
App. Nov. 8, 2000) (not designated for publication). Mandate issued on December 4, 2000,
and appellant filed a motion for new trial and a general notice of appeal on December 12,
2000. 

 Appellant's court-appointed appellate counsel filed an Anders (1) brief stating that there
were no arguable grounds for appeal and that, in his opinion, the appeal was without merit. 
Appellant has file a pro se response asserting three issues and a supplemental brief asserting
a fourth issue. 

DISCUSSION


Jurisdiction

 When an appellant has entered an agreed guilty plea in a felony case and the court
follows the recommendation of the state as agreed to by the appellant, a general notice of
appeal is insufficient to invoke the jurisdiction of the court of appeals. White v. State, 61
S.W.3d 424, 427-28 (Tex. Crim. App. 2001); Tex. R. App. P. 25.2(b)(3) (jurisdictional
defects not appealable on general notice of appeal); Cooper v. State, 45 S.W.3d 77, 83 (Tex.
Crim. App. 2001) (voluntariness of plea may not be raised on general notice of appeal);
Perez v. State, 31 S.W.3d 809, 810 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd) (general
notice of appeal insufficient to confer jurisdiction over appeal from negotiated plea in felony
case). However, a prematurely filed notice of appeal is effective if filed after the trial court
made a finding of guilt or received a jury verdict, and it is deemed filed on the same day
sentence is imposed or the judgment is signed. Tex. R. App. P. 27.1(b). 

 In this case, although the general notice of appeal filed on December 12, 2000 was
insufficient to confer jurisdiction on this Court, the specific notice of February 9, 1999 was
filed after the trial court signed the judgment and is deemed timely filed. Thus, this Court
has jurisdiction to consider an appeal of the rulings by the trial court on appellant's written
pretrial motions and any jurisdictional defects. 

Motion for New Trial

 In his first point of error, appellant contends the trial court abused its discretion in
overruling appellant's motion for new trial based on newly discovered evidence. In his third
point of error, appellant contends the trial court abused its discretion in denying appellant's
motion to withdraw his guilty plea. In his fourth point of error, appellant asserts that the trial
court erred in denying his request to subpoena witnesses to be cross-examined at the hearing
on his motion for new trial.

 The record reflects that appellant did not file a motion to withdraw his guilty plea. 
Appellant filed a motion for new trial, asserting that his guilty plea was involuntary and he
was denied effective assistance of counsel at the time of his plea. We construe appellant's
first and third points of error to complain about the trial court's ruling on the motion for new
trial. Appellant's fourth point of error also relates to the motion for new trial. 

 Appellant's notice of appeal, filed pursuant to rule 25.2(b) of the Texas Rules of
Appellate Procedure, specified that appellant wished to appeal the court's rulings on pretrial
motions and jurisdictional defects. See Tex. R. App. P. 25.2(b)(3). The ruling on the motion
for new trial and the ruling on the subpoena of witnesses at the hearing are neither rulings
on a pretrial motion nor a jurisdictional defect. Therefore, this Court does not have
jurisdiction to consider appellant's challenge to the rulings. Accordingly, we must dismiss
appellant's first, third, and fourth points of error. 

Motion to Withdraw Counsel

 In his second point of error, appellant contends the trial court abused its discretion in
denying appellant's motion to withdraw counsel. The challenged motion to withdraw was
presented to the trial court before appellant entered his guilty plea and was denied. 

 Appellant was initially represented by retained counsel, who filed a motion to
withdraw because of appellant's failure to pay fees as agreed. Appellant filed an affidavit
of indigency, and the trial court granted the motion to withdraw. In April 1998, the trial
court appointed Joel Bennett to represent appellant. In July 1998, Bennett filed a motion for
new counsel, stating that appellant was "not satisfied with the representation of Mr. Bennett." 
The trial court granted the motion and, in August, appointed Sharon Meiers to represent
appellant. On November 30, Meiers filed a motion to withdraw as attorney of record, stating
that the application for writ of habeas corpus and motion to dismiss filed by her at appellant's
request did not meet with appellant's approval and appellant refused to cooperate with
counsel on the preparation of this case for trial. The motion to withdraw, along with several
other motions filed on appellant's behalf, was heard on November 30, the date scheduled for
trial. Appellant complained that Meiers would not file motions prepared by appellant and
testified that he did not want to be represented by Meiers. The trial court denied the motion. 

 Whether trial counsel should be allowed to withdraw from a case is within the
discretion of the trial court. Brewer v. State, 649 S.W.2d 628, 631 (Tex. Crim. App. 1983). 
A defendant may not use his right to counsel to manipulate the judicial process or to interfere
with the administration of justice. Wallace v. State, 618 S.W.2d 67, 70 (Tex. Crim. App.
1981). In this case, appellant was seeking the dismissal of appointed counsel, without any
valid reason, on the date set for trial. The trial court did not abuse its discretion in denying
appellant's motion. Accordingly, we overrule appellant's second point of error. 

 We affirm the judgment of the trial court. 



 Sam Nuchia

 Justice


Panel consists of Justices Hedges, Nuchia, and Smith. (2)

Do not publish. Tex. R. App. P. 47.

1. Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).
2. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.