Dismissed and Opinion filed June 20, 2002














Dismissed and
Opinion filed June 20, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-01-00389-CR

          14-01-00390-CR

 

_______________

 

DANG QUOC
PHAM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_____________________________________________________

 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause Nos. 865,951 and
94-00420

_____________________________________________________

 

M E M O R A N D U M  
O P I N I O N

            Appellant, Dang Quoc
Pham, pled guilty to the offense of burglary of a habitation on January 6, 1994, and was
placed on ten years’ deferred adjudication. 
On January
 26, 2001, the State filed a motion to adjudicate guilt on the
grounds that appellant violated the terms of his probation.  After a hearing on the motion, the trial
court adjudicated guilt and sentenced appellant to twenty years’
confinement.  

            Appellant also pled guilty to the
offense of burglary of a habitation on January 12, 2001. 
In accordance with the terms of that plea bargain agreement, the trial
court sentenced appellant to ten years’ imprisonment.

            Appellant appeals both judgments on
the grounds that both guilty plea proceedings were unconstitutional.  Specifically, in two issues, he contends that
article 1.15 of the Texas Code of Criminal Procedure, which prescribes the procedure
for guilty plea proceedings, violates his federal and state constitutional
right to compulsory process.  See Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.
2002).  Because appellant has waived his
appeal from both judgments, we dismiss.

                     Deferred
Adjudication – 1994 Burglary Offense

            In Manuel v. State, 994 S.W.2d 658 (Tex. Crim.
App. 1999), the Court of Criminal Appeals held that a defendant placed on
deferred adjudication community supervision may raise issues relating to the
original plea proceeding only in appeals taken when deferred adjudication
community supervision is first imposed.  See also Hanson v. State, 11 S.W.3d 285,
287–88 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  Appellant’s complaint is an attack on the
constitutionality of the original plea proceeding.  However, he did not appeal when deferred
adjudication was first imposed.  Instead,
he appealed after his deferred adjudication was revoked, and his guilt was
formally adjudicated.  Therefore,
appellant waived these issues by his failure to appeal when he was first placed
on deferred adjudication.

            Recently, the Court of Criminal
Appeals established a “void judgment” exception to Manuel.  See Nix v. State, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001). 
This exception provides that a defendant may raise error regarding the
original plea proceeding after revocation of deferred adjudication if the error
would render the original judgment void. 
See id.  This exception usually implicates a
jurisdictional defect.  See id. 
The Nix court set forth the
following “nearly exclusive” list of instances rendering a judgment void: (1)
the charging instrument is constitutionally infirm, thus depriving the trial
court of jurisdiction; (2) the trial court lacks subject matter jurisdiction over
the offense charged; (3) the record reflects that there is no evidence to
support the conviction; and (4) an indigent defendant has no appointed counsel
and has not waived counsel.  See id. at 668.

            Appellant asserts that the
constitutionality of article 1.15 is a jurisdictional issue.  Although he characterizes his complaint as
“jurisdictional,” there is no indication in the record, and he does not
demonstrate, that his complaint falls within one of the above listed
instances.  Moreover, he presents no credible
authority that his attack on the constitutionality of article 1.15 equates to
an attack on the trial court’s jurisdiction over his original plea
proceeding.  Jurisdiction is the power of
the court over the subject matter of the case, conveyed by statute or
constitutional provision, coupled with personal jurisdiction over the accused,
which is invoked in felony prosecutions by the filing of an indictment.  See
Tex. 
Const. art. V, § 12; Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981).  Constitutional challenges to a statute may
affect the court’s jurisdiction if the statute affects the power of the court
over the subject matter of the case or the accused.  See
generally Webb v. State, 899
S.W.2d 814, 818 (Tex. App.—Waco 1995, pet. ref’d.)
(citing Fairfield, 610
S.W.2d at 779).  For example, challenges
to (1) the specific statute that forms the basis of the charge; (2) the statute
that defines potential punishment; (3) the statute that provides the authority
for the tribunal to render judgment; or (4) the statute setting forth  practices and procedures relating to the
indictment, raise jurisdictional issues. 
See id.  Here, appellant attempts to attack the
constitutionality of article 1.15 even though it is not a statute which affects
subject matter or personal jurisdiction. 
Contrary to appellant’s argument, his issue does not address the very
power of the State to bring him into court to answer the State’s charges.  See
Okigbo v. State, 960 S.W.2d 923, 925 n.1 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref’d).  Thus, his constitutional challenge to article
1.15 cannot be classified as a jurisdictional challenge that may be raised for
the first time after revocation of deferred adjudication.

            We have no jurisdiction to hear the
merits of appellant’s complaint regarding the guilty plea proceeding for the
1994 burglary offense.  Accordingly, we
dismiss this appeal.

                                                   2001
Burglary Offense

            As part of appellant’s plea bargain
for the 2001 burglary offense, he signed a written waiver of his right to
appeal, contingent on the court’s acceptance of the plea bargain
agreement.  Appellant pled guilty, and
the trial court followed the plea bargain agreement in assessing punishment.  Despite having waived the right to appeal,
appellant filed a notice of appeal. 
Appellant chose to enter into an agreement that included a waiver of the
right to appeal.  Appellant was aware of
his right to appeal, knew with certainty the punishment he would receive, and
knew that he could withdraw his plea if the trial court did not act in
accordance with the plea agreement. 
Because appellant was fully aware of the consequences when he waived his
right to appeal, it is “‘not unfair to expect him to live with those consequences
now.’”  Alzarka v. State, 60 S.W.3d 203, 206 (Tex. App.—Houston [14th
Dist.] 2001, pet. granted) (quoting Mabry
v. Johnson, 467 U.S. 504 (1984)).  See also Blanco v. State, 18 S.W.3d 218,
219–20 (Tex. Crim. App. 2000); Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st
Dist.] 2001, no pet.).

            Appellant has waived his right to
appeal the judgment for the 2001 burglary offense.  Accordingly, we dismiss this appeal.




 








            Having found that appellant cannot
appeal either burglary conviction, we dismiss the appeal.[1]

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed June 20,
 2002.

Panel
consists of Justices Yates, Seymore, and Guzman.

Do
Not Publish — Tex. R. App. P. 47.3(b).

 











            [1]  Even if appellant could appeal one or both
convictions, the merits of his issues were expressly rejected in Vanderburg v.
State, 681 S.W.2d 713 (Tex. App.—Houston [14th Dist.] 1984, pet. ref’d) and Lyles v.
State, 745 S.W.2d 567 (Tex. App.—Houston [1st Dist.] 1988, pet. ref’d).