Opinion issued October 24, 2002


















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01167-CR






DALE ALAN PICKARD, Appellant


V.


THE STATE OF TEXAS , Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 860,1207





O P I N I O N

 Appellant, Dale Alan Pickard, pleaded nolo contendre to securities fraud
without an agreed recommendation as to punishment. The trial court found appellant
guilty of the charged offense, found the enhancement allegation of a prior felony
conviction to be true, and assessed punishment at 20 years' confinement. In one point
of error, appellant contends the trial court erred by overruling his motion for a
continuance, and, in four related points of error, appellant contends his right to
compulsory process was violated. We affirm.

Motion for Continuance

 In issue one, appellant contends the trial court erred by denying his motion for
a continuance. We review the trial court's ruling on a motion for continuance for an
abuse of discretion. Esquivel v. State, 595 S.W.2d 516, 519 (Tex. Crim. App. 1980). 
The record shows that appellant was represented by retained counsel for a period of
time, followed by appointed counsel when appellant "ran out of money." Appellant's
appointed counsel testified that she had spent over 100 hours preparing for trial and
had spent six or seven hours with appellant, reviewing eight boxes of documents that
the State had provided through discovery.

 Nevertheless, on May 29, 2001, appellant filed a motion requesting that he be
allowed to represent himself. On October 10, 2001, the trial court warned appellant
of the dangers of self-representation, but appellant chose to proceed pro se, even
though a November trial date had been set. (1) On October 18, 2001, appellant filed a
motion for a continuance of the November trial setting. On November 8, 2001, the
trial court held a hearing on the motion for continuance, after which the court denied
the motion. Appellant pleaded nolo contendre that same day.


 Even though appellant had been representing himself for only one month
before the trial, the record reveals that he and his previously appointed attorney had
extensively reviewed the State's evidence before the appointed attorney was removed
from the case. This attorney continued as a stand-by attorney and testified that she
continued to forward all relevant information to appellant even after she had been
removed from the case. Furthermore, appellant had been warned of the dangers of
self-representation and, nevertheless, chose to proceed pro se, knowing that a
November trial date had been set. The trial court's conclusion that appellant was
simply trying to delay the start of the trial appears to be well-founded in the record. 
We cannot say that the trial court abused its discretion in denying appellant's motion
for continuance.

 Accordingly, we overrule point of error one.

Right to Compulsory Process

 In points of error two and three, appellant contends that article 1.15 of the
Texas Code of Criminal Procedure is unconstitutional because it violates his right to
compulsory process under the state and federal constitutions. In points of error four
and five, appellant contends the trial court erred in finding him guilty because the
record is silent as to his waiver of his right to compulsory process. The issues raised
by appellant are well-settled and have been repeatedly decided against his position
in this and other courts. Lyles v. State, 745 S.W.2d 567, 567-68 (Tex. App.--Houston
[1st Dist.] 1988, pet. ref'd); Vanderburg v. State, 681 S.W.2d 713, 716 (Tex.
App.--Houston [14th Dist.] 1984, pet. ref'd).

 We overrule points of error two through five.


 We affirm the judgment.


 Sherry J. Radack

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.


Do not publish. Tex. R. App. 47.
1.