Affirmed and Memorandum Opinion filed February 27, 2003
















Affirmed and
Memorandum Opinion filed February 27, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00542-CR

____________

 

SAMUEL MONROE ALLEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

___________________________________________

 

On Appeal from
the 182nd District Court

Harris County, Texas

Trial Court
Cause No. 863,881

 

___________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant, Samuel Monroe Allen, pled
guilty to the offense of sexual assault. 
After a bench trial, the trial court assessed punishment at fifteen
years’ confinement.  On appeal, he
challenges the constitutionality of article 1.15 of the Texas Code of Criminal
Procedure[1]  and contends the trial court committed
fundamental error in entering judgment without a waiver of his constitutional
rights to compulsory process.  We affirm.

Constitutionality
of Article 1.15

            In his first two issues, appellant
specifically contends that in accepting his guilty plea and proceeding to enter
judgment when he was not allowed under article 1.15 to present any evidence in
his defense, the trial court committed fundamental error and violated his
rights of compulsory process.[2]  Appellant’s argument is faulty because: (1)
article 1.15 does not prevent a defendant who pleads guilty from presenting any
evidence; and (2)  the trial court is not
required under the article to accept the State’s evidence as a sufficient
showing of guilt regardless of the quality or quantity of that evidence.  Apparently prompting appellant’s notion that a
defendant cannot present evidence and that the judge must accept the State’s
evidence is the following language in article 1.15: “[I]t shall be necessary
for the state to introduce evidence into the record showing the guilt of the
defendant and said evidence shall be accepted by the court as the basis for its
judgment . . . .”  Tex. Code Crim. Proc. Ann. art. 1.15.

            In response to arguments
substantially similar to those raised by appellant, both this Court and the
First Court of Appeals have held that the procedures set forth in article 1.15
do not violate the right to compulsory process. 
See Lyles v.
State, 745 S.W.2d 567, 567–68 (Tex. App.—Houston [1st Dist.] 1988, pet. ref’d); Vanderburg v. State,
681 S.W.2d 713, 716–18 (Tex. App.—Houston [14th Dist.] 1984, pet. ref’d).[3]  In Vanderburg, we stated:

            After a defendant has
entered a plea of guilty and after he has waived his right to a jury trial, the
state is required to produce sufficient evidence before a judgment of guilty
can be entered.  Even though federal common
law allows a conviction upon a guilty plea alone, Texas does not.  Texas requires the judgment be
supported by sufficient evidence from the state . . . .

            Appellant alleges the
trial court is barred from considering testimony elicited on
cross-examination.  However he cites no
cases for this contention nor can we find any. 
Nothing in Article 1.15 prohibits the court from considering testimony
produced through cross-examination of the state’s witnesses or by the defense
putting on its own evidence through rebuttal witnesses . . . .

 

681 S.W.2d at 718. 
In Lyles, the First Court of
Appeals stated:

Appellant misconstrues both
the purpose and the effect of article 1.15. 
The purpose of the article is to ensure that no person may be convicted
of a felony on a plea of guilty without sufficient evidence being introduced to
show guilt.  Crawford v. State, 161 Tex. Crim. R. 554, 278 S.W.2d 845 (1955).  The effect of the article is to maintain the
burden of proof on the State even where a plea 

 class=Section2>

of guilty or nolo contendere has been entered
by the defendant.  Thornton v. State, 601 S.W.2d 340, 344 (Tex. Crim. App. 1980). 
The article neither prohibits the defendant from offering evidence nor
prohibits the court from considering the evidence offered by the
defendant.  In this case, appellant offered
evidence during the punishment phase of the trial.

745 S.W.2d at 567–68.  Therefore, under this line of precedent
article 1.15 neither prevents a defendant from adding evidence nor requires the
trial judge to accept the State’s evidence as sufficient proof of guilt.

            Appellant acknowledges the holding
in Vanderburg,
but cites to opinions of the Court of Criminal Appeals and interprets those
cases as requiring a trial court to conduct a full trial on a guilty plea,
citing Thornton v. State, 601 S.W.2d
340 (Tex. Crim. App. 1980); Dinnery v. State, 592 S.W.2d 343 (Tex. Crim.
App. 1980); Moon v. State, 572 S.W.2d
681 (Tex. Crim. App. 1978); and Bolton v. State, 59 S.W.2d 833 (Tex. Crim.
App. 1933).  However, all of the cases
cited by appellant predate Vanderburg and Lyles,
and most are specifically analyzed in the courts of appeals’ opinions in
reaching the conclusion that procedures under article 1.15 do not violate a
defendant’s right to compulsory process. 
The opinions cited by appellant do not conflict with the holdings in Vanderburg or Lyles. 
Accordingly, we find the trial court did not commit fundamental error in
utilizing the procedures under article 1.15. 
For the reasons expressed in Vanderburg and Lyles,
appellant’s first two issues are overruled.

Waiver of
Compulsory Process

            In his third and fourth issues,
appellant maintains the trial court erred in entering judgment where the record
does not reflect a waiver by appellant of his constitutional right to
compulsory process.  This same argument
was made by the appellants in Vanderburg and Lyles,
and as stated in those cases, neither federal nor Texas law
requires that a defendant who pleads guilty must expressly waive the right to
compulsory process.  Lyles, 745 S.W.2d 

 class=Section3>

at 568; Vanderburg, 681 S.W.2d at 717.[4]  Appellant cites no Texas statutes,
cases, or rules proffered or amended since Lyles
and Vanderburg were issued that would change the
analysis contained in those opinions.  He
does, however, cite to older cases from other jurisdictions.  See State v. Avila, 617 P.2d 1137 (Ariz. 1980); State v. Offing, 551
P.2d 556 (Ariz. 1976); Bunnell v. Superior Court, 531 P.2d 1086 (Cal. 1975); State v. Crowley, 528 P.2d 834 (Cal. 1975); In re Mosely,
464 P.2d 473 (Cal. 1970).  These cases
dealt not with procedures after a plea of guilty but with procedures and
judgments based on stipulations of evidence in lieu of full trial.  They are, therefore, not directly on point
with the issue in the present case.  As a
prior decision of this court, Vanderburg is controlling authority, and as a decision of
our sister court, Lyles is certainly
persuasive authority.[5]  Accordingly, for the reasons expressed in Vanderburg and Lyles, appellant’s third and fourth
issues are overruled.

            The judgment of the trial court is
affirmed.

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed February
 27, 2003.

Panel consists of Justices
Anderson, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).

 

 











            [1]  The article states, in full:

 

No person
can be convicted of a felony except upon the verdict of a jury duly rendered
and recorded, unless the defendant, upon entering a plea, has in open court in
person waived his right of trial by jury in writing in accordance with Articles
1.13 and 1.14;  provided, however, that
it shall be necessary for the state to introduce evidence into the record
showing the guilt of the defendant and said evidence shall be accepted by the
court as the basis for its judgment and in no event shall a person charged be
convicted upon his plea without sufficient evidence to support the same.  The evidence may be stipulated if the
defendant in such case consents in writing, in open court, to waive the
appearance, confrontation, and cross-examination of witnesses, and further
consents either to an oral stipulation of the evidence and testimony or to the
introduction of testimony by affidavits, written statements of witnesses, and
any other documentary evidence in support of the judgment of the court.  Such waiver and consent must be approved by
the court in writing, and be filed in the file of the papers of the cause.

 

Tex. Code Crim. Proc.
Ann. art. 1.15.





            [2]  The right to compulsory process is guaranteed
by Article I, Section 10 of the Texas Constitution and the Sixth Amendment to
the United States Constitution.  U.S. Const. amend.
VI (“[i]n all criminal prosecutions, the accused
shall enjoy the right . . . to have compulsory process for obtaining witnesses
in his favor”); Tex. Const. art. I, § 10 (“[the accused]
shall have compulsory process for obtaining witnesses in his favor”).  Compulsory process has been defined as “the
right to present a defense, the right to present the defendant’s version of the
facts as well as the prosecution’s to the jury so it may decide where the truth
lies.”  Coleman v. State, 966 S.W.2d 525, 527 (Tex. Crim.
App. 1998) (quoting Washington v. Texas,
388 U.S. 14, 19
(1967)).  It is an integral component and
a core interest of due process law.  Washington, 388 U.S. at 19.

 

            Although appellant raises his state
and federal constitutional claims as separate issues, he does not argue that
his rights under the Texas Constitution are any different than his rights under
the United States Constitution. 
Accordingly, we will not address his state claims separately.  See Balentine v. State, 71 S.W.3d 763, 772
n.8 (Tex. Crim. App. 2002).





            [3]  The courts have consistently followed these
precedents in a host of unpublished cases. 
See, e.g., Morrison v. State,
No. 14-00-00111-CR, 2000 WL 1785017 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d) (not designated for publication); Tucker v. State, No. 01-95-00022-CR,
1996 WL 54012 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d)
(not designated for publication).





            [4]  The United States Supreme Court has held
that, when a defendant enters a guilty plea, three constitutional rights must
be specifically waived: (1) 
the right to trial by jury; (2) the privilege against
self-incrimination; and (3) the right to confrontation.  Boykin
v. Alabama, 395 U.S. 238, 243 (1960); see
also Fed. R. Crim. P. 11(c) (requiring
the same three rights in guilty plea admonitions); Lyles, 745 S.W.2d at 568 (discussing Boykin). 
The record in the present case reflects that, in open court, appellant
waived his rights to a jury trial, against self-incrimination, and to
confrontation of witnesses.





            [5]  As the Court of Criminal Appeals has
observed, “the doctrine of stare decisis should
generally be followed, because it promotes judicial efficiency and consistency,
it fosters reliance on judicial decisions, and contributes to the actual and
perceived integrity of the judicial process.” 
Riney v. State, 28 S.W.3d 561,
565 (Tex. Crim. App. 2000).