Opinion issued March 17, 2005
















     




In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00475-CR




CHARLES HENRY BROOKS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the185th District Court
Harris County, Texas
Trial Court Cause No. 789261




MEMORANDUM OPINION
          Appellant, Charles Henry Brooks, pleaded guilty to felony theft and was placed
on deferred adjudication community supervision. Subsequently, appellant’s
community supervision was revoked and his guilt was adjudicated. In four issues,
appellant challenges the constitutionality of his original plea proceedings. 
          We dismiss for want of jurisdiction.
BACKGROUND
          On September 21, 1999, appellant pleaded guilty to felony theft, with an agreed
recommendation as to punishment, and waived trial by jury. On October 8, 1999, in
accordance with appellant’s plea agreement, the trial court deferred adjudication of
guilt, ordered restitution in the amount of $48,308.40, and placed appellant on
community supervision for 10 years. No court reporter was present during the
proceedings. Appellant did not appeal. 
          On February 11, 2002, the State moved to adjudicate appellant’s guilt on the
grounds that he violated the terms of his community supervision. Appellant pleaded
“true” to the allegations. After a hearing, the trial court found the allegations true,
adjudicated appellant’s guilt, and, in accordance with a plea agreement at
adjudication, sentenced him to three years’ confinement. No court reporter was
present.
Jurisdiction
          In his first and second issues, appellant contends that Code of Criminal
Procedure article 1.15, which prescribes the procedure for guilty plea proceedings,
violates his federal and state constitutional rights to compulsory process. Tex. Code
Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004-2005).


 Specifically, he contends
that the statute is facially unconstitutional because it permits only the State, and not
a defendant, to put on evidence.
          The State contends that we are without jurisdiction to address appellant’s issues
because appellant was required to bring any challenge to his original plea proceedings
at the time they took place and punishment was imposed, and not three years later
upon adjudication of guilt and revocation of his community supervision. 
          Generally, a defendant must raise issues relating to the original plea proceeding
at the time the punishment is first imposed. Manuel v. State, 994 S.W.2d 658, 661-62
(Tex. Crim. App. 1999). However, the “void judgment” exception allows an
appellant to raise error regarding his original plea hearing after revocation of 
probation if the error is as such that it would render the original judgment void. Nix
v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). If an original judgment
imposing probation is void, then the trial court has no authority to revoke probation
because a void judgment leaves nothing to revoke. Id. at 668. The void judgment
exception applies to deferred adjudication probation. Id.
          A judgment is rarely void and usually requires a showing of a jurisdictional
issue, such as: (1) a constitutional defect in the charging instrument; (2) a lack of the
subject matter jurisdiction; (3) a record that reflects no evidence to support the
conviction; or (4) a denial of counsel for an indigent. Id. at 668 (finding this list of
jurisdictional issues to be “very nearly” exclusive). Otherwise, a “void conviction”
is one in which the court had no jurisdiction over the subject matter of the case or
over the accused, or when the trial court lacked qualification to act in any manner. 
Ex parte McCain, 67 S.W.3d 204, 209 (Tex. Crim. App. 2002).
          A conviction will be void if the statute prescribing the offense is facially
unconstitutional. McGowan v. State, 938 S.W.2d 732, 741-42 (Tex. App.—Houston
[14th Dist.] 1996), aff’d on other grounds sub. nom, Weightman v. State, 975 S.W.2d
621 (Tex. Crim. App. 1998). However, because article 1.15 concerns how and when
a judgment may be rendered on a plea, it is procedural in nature. See Tex. Code
Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004-2005). Appellant has not
demonstrated that his constitutional challenge to article 1.15 can be classified as a
jurisdictional challenge or that the void-judgment exception applies to purely
procedural statutes. See Nix, 65 S.W.3d at 669; Okigbo v. State, 960 S.W.2d 923, 925
n.1 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d).
          Moreover, this Court has held that article 1.15 “neither prohibits the defendant
from offering evidence nor prohibits the court from considering the evidence offered
by the defendant.” Lyles v. State, 745 S.W.2d 567, 568 (Tex. App.—Houston [1st
Dist.] 1988, pet. ref’d). Because appellant waived his right to have a court reporter
record his plea proceeding, there is nothing in the record to indicate that appellant
attempted to offer evidence or objected to an inability to present evidence. For a
judgment to be void, “the record must leave no question about the existence of the
fundamental issue.” Nix, 65 S.W.3d at 668. 
          Appellant was required to appeal his first two issues at the time of his original
guilty plea. See Manuel, 994 S.W.2d at 661-62. Appellant’s appeal after
adjudication and revocation is untimely, and we have no jurisdiction to address his
first two issues.
Express Waiver
          In his third and fourth issues, appellant contends that the trial court erred
fundamentally in proceeding to judgment because there is no evidence in the record
that he waived his federal and state constitutional rights to compulsory process.
          Federal law does not require that a defendant expressly waive his right to
compulsory process. See Fed. R. Crim. P. 11(c). Texas law requires an express
waiver of (1) the right to a jury trial, (2) the right to confront one’s accusers, and (3)
the right to refuse to testify at trial. Lyles, 745 S.W.2d at 567-568. Because there is
no requirement that defendant expressly waive his right to compulsory process, there
is no fundamental error. See id. at 568.
          As above, appellant failed to timely appeal at the time he entered his plea and
was placed on deferred adjudication probation. Hence, we have no jurisdiction over
issues three and four. Manuel, 994 S.W.2d at 661-62.
CONCLUSION
          Because we have no jurisdiction to hear the merits of appellant’s complaints
regarding his original guilty plea, we dismiss this appeal for want of jurisdiction.




                                                             Laura Carter Higley 
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).