Erasmo Cantu CASARES, Appellant,

v.

The STATE of Texas, Appellee.

Erasmo CASARES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 45303, 45304.

Court of Criminal Appeals of Texas.

April 12, 1972.

objection was made. See Miller v. State, 412 S.W.2d 650 (Tex.Cr.App.1967) and Allen v. State, 474 S.W.2d 480 (Tex.Cr. App.1971).

Walter Reed, Jr., McAllen, for appellant.

Oscar McInnis, Dist. Atty., and Thomas L. Berry, Asst. Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

These are appeals from convictions for possession of marihuana and burglary. Both cases were consolidated into one trial, and the appellant, after being duly admonished, entered pleas of guilty before the court, and punishment was assessed at five years in each case.

Appellant contends that the court did not determine if he fully understood the charges against him and the consequences of such pleas and further that there is nothing on record to show he understandingly and voluntarily waived the rights guaranteed him by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

Before accepting appellant's pleas of guilty, the record reflects the following occurred:

"THE COURT: In Cause Number 10892, you are charged with the offense of possession of marijuana; do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: In Cause Number 11,019, on the docket of this Court you are charged with the offense of burglary; do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Mr. David Hall is your attorney by appointment of this Court?

"MR. HALL: I am his attorney by appointment on the burglary.

"THE COURT: Cause Number 11,019, the Court has heretofore appointed Mr. David Hall to represent you as your attorney; do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. And, in cause 10,892, you have employed him to represent you; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Now, have you had occasion to advise and consult with your attorney regarding the merits and demerits of your case? Have you talked to him about it?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you satisfied with his services?

"THE DEFENDANT: Yes, sir.

"THE COURT: You do not have any objection to his appointment by this Court in Cause Number 11,019?

"THE DEFENDANT: No, sir.

"THE COURT: All right. Have you been appointed within the last ten days?

"MR. HALL: No, it was sometime ago."

(Pursuant to Court's instruction, two indictments were read)

"THE COURT: In Cause 10,892, on the Docket of this Court, the offense with which you are charged is a felony and carries a punishment of confinement in the State Penitentiary for life or any term of years not less than two; do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: In Cause 11,019, on the Docket of this Court, the offense with which you are charged is a felony and car-

ries a punishment of confinement in the State Penitentiary for a term of years not less than two or more than twelve years; do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand the nature of the offenses with which you are charged and the possible punishments that you can receive there under sufficiently, or well enough, in order to plead to the indictments?

"THE DEFENDANT: Yes, sir.

"THE COURT: What are your pleas in each of these Causes, guilty or not guilty, in 10,892?

"THE DEFENDANT: Guilty.

"THE COURT: Cause 11,019, how do you plead?

"THE DEFENDANT: Guilty.

"THE COURT: Do you understand that if you plead guilty that the Court can do nothing else but find you guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: You have a right to have a jury hear your cases and access (sic) your punishment or waive the jury and ask the Court to hear it, which do you prefer, the jury or the Court?

"THE DEFENDANT: The Judge.

"THE COURT: You have signed a waiver of a jury in Cause 11,019? Is that your signature on that waiver?

"THE DEFENDANT: Yes, sir.

"THE COURT: Did you understand what you signed?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Now, have you signed a waiver, the same waiver in Cause 10,892, on the Docket of this Court?

"THE DEFENDANT: Yes sir.

"THE COURT: That is your signature.

"THE DEFENDANT: Yes, sir.

"THE COURT: Did you understand what you signed?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. The Court will accept and approve your respective waivers of jury. Now, you also have a right to have the witnesses that will appear here and confront you, witnesses that will testify against you, to come here and confront you, or you may waive that right by agreeing with the District Attorney's office that they can introduce testimony against you in the form of statements and affidavits and other types of documentary evidence instead of bringing those witnesses up here to testify personally. Have you so agreed and stipulated with the District Attorney's office?

"THE DEFENDANT: Yes, sir.

"THE COURT: Is this your signature on that stipulation in Cause 11,019?

"THE DEFENDANT: Yes, sir.

"THE COURT: And, is this your signature on the stipulation in Cause 10,892?

"THE DEFENDANT: Yes, sir.

"THE COURT: Did you understand what you signed when you signed those instruments?

"THE DEFENDANT: Yes, sir.

"THE COURT: The Court will accept and approve your stipulation of testimony. Have you ever been declared insane or claim now to be insane?

"THE DEFENDANT: No, sir.

"THE COURT: Are you induced in entering your plea of guilty because of any fear or persuasion or delusive hope of pardon?

"THE DEFENDANT: No, sir.

"THE COURT: You are pleading guilty voluntarily because the facts as you understand them make you guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Now, that the Court has admonished you of the possible consequences of your plea and you have had an opportunity to discuss the same with your attorney, do you still wish to enter a plea of guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. The Court will accept your plea and allow you to be tried without a jury in both Cause Number 11,019 and Cause Number 10,892."

While appellant agrees that the court was in compliance with Article 26.13, Vernon's Ann.C.C.P.,[1] he urges that the holding of the United States Supreme Court, in Boykin v. Alabama (1969), 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274, requires additional safeguards in protecting constitutional rights of an accused. In Boykin v. Alabama, supra, it was said:

"For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. * * *

"Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. Douglas v. Alabama, 380 U.S. 415, 422, 85 S.Ct. 1074, 1078, 13 L.Ed.2d 934, 938.

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second,

is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record. * * *

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought * * * (Garner v. Louisiana, 368 U.S. 157, 173, 82 S.Ct. 248, 256, 7 L.Ed.2d 207, 219; Specht v. Patterson, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326, 330, and forestalls the spin-off of collateral proceedings that seek to probe murky memories. * * *"

In the instant case, we are not left to presume a waiver of constitutional rights from a silent record. The record affirmatively shows a waiver against compulsory self-incrimination, the appellant voluntarily taking the stand to testify in his own behalf. A written waiver of the right to trial by jury signed by appellant and his attorney appears in the record and further it is shown that the court personally addressed questions to appellant regarding same. A written waiver of confrontation of witnesses and agreement that evidence may be stipulated is signed by appellant and his counsel. Questions were directed to appellant by the court regarding his signing and understanding same. We find that the record affirmatively reflects that appellant understandingly and voluntarily waived his rights and privileges guaranteed him by the Constitution.

1. "Art. 26.13, V.A.C.C.P., Plea of guilty If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be re-

ceived unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

The admonishments of the court, the questions it asked, and the answers of appellant affirmatively disclose that the appellant understandingly entered his pleas of guilty and understood the consequences of same. Since the record is replete with same, we deem it unnecessary to extract each admonishment, question and answer which reflect that appellant understandingly entered his pleas of guilty and understood the consequences of same, but merely cite the reader to that portion of the record heretofore set out in this opinion. As was said by this Court, in Rose v. State, 465 S.W.2d 149, "We know of no rule requiring the court to instruct the accused on every aspect of the law pertinent to the case when the accused pleads guilty."

No error is shown.

The judgments are affirmed.

Opinion approved by the court.