Gregorio **TREVINO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46632.

Court of Criminal Appeals of Texas.

April 4, 1973.

Joe B. Evins, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant plead guilty before the court to unlawful possession of marihuana; the punishment, two years.

Before accepting his guilty plea, the court fully admonished appellant as to the consequences of his plea in compliance with Article 26.13, Vernon's Ann.C.C.P. In addition to informing him of the penalty, he asked him if he had ever been declared insane or if he now claimed to be insane, if he was induced to plead guilty because of fear or persuasion or delusive hope of pardon, to all of which appellant answered in the negative. Then, ". . . you are pleading guilty voluntarily because the facts, as you understand them, make you guilty?" To which appellant answered, "Yes, sir."

The first five grounds of error, that appellant was not properly admonished before the court accepted his plea of guilty, are overruled. Casares v. State, Tex.Cr.App., 478 S.W.2d 462.

Appellant's sixth ground of error complains of the insufficiency of the evidence.

With the approval of his attorney and the court, appellant agreed that the evidence might be stipulated. Thereafter there was introduced State's Exhibits 1, 2, 3 and 4, all without objection. It was agreed and stipulated that Exhibits 1 and 2 were to be taken and considered as true and correct for all purposes, and that Exhibits 3 and 4 contained the marihuana mentioned in the indictment.

The testimony stipulated in this case established all elements of the offense and is sufficient. Hammond v. State, Tex.Cr. App., 470 S.W.2d 683.

There being no error in the record, the judgment is affirmed.

Opinion approved by the Court.