Daniel Gordon
**VANDERBURG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–708CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 16, 1984.

Henry Burkholder, III, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a order revoking probation. Appellant was originally charged with two counts of burglary of a habitation; the state abandoned the second count of the indictment. The trial court granted the state's motion to reduce the first count to burglary of a building, to which appellant pled guilty and received four years probation beginning August 20, 1979. We affirm the revocation of probation.

On January 3, 1980 the state filed a Motion to Revoke Probation for appellant's failure to report, failure to pay supervisory fees, and failure to reimburse Harris County for his court-appointed attorney.

During the early part of 1980, appellant was convicted of two more felonies, one in Lubbock County and the other in Tarrant County. Subsequent to these convictions, appellant served approximately 16 months in the Texas Department of Corrections. Upon his release, appellant moved to Ohio and then to California where he was convicted for receiving stolen property and placed on probation. On March 18, 1983, the state filed an amended motion to revoke probation for the August 20, 1979 Harris county conviction. Appellant was extradited from California and made his first court appearance in the revocation proceeding on June 1, 1983. On August 17, 1983, the state filed a Second Amended Motion to Revoke Probation, adding the Tarrant County and Lubbock County felony convictions as grounds for revocation. At the revocation hearing on October 6, 1983, the court found all of the state's allegations of probation violations true. The court revoked appellant's probation, sentenced him to four years confinement in the Texas Department of Corrections, and ordered him to pay restitution for extradition fees from California in the amount of $1,180 as a condition of parole.

■■■ Appellant presents eight grounds of error. Five of those grounds challenge TEX.CODE CRIM.PROC. ANN. art. 1.15 (Vernon 1977). Grounds one, two, and four argue Article 1.15 is unconstitutional for the reasons listed:

(1) violation of due process by denying appellant's federal right to compulsory process,

(2) violation of equal protection, and

(3) denial of state right to compulsory process

Along the same lines, appellant also argues in grounds three and eight the court committed fundamental error (1) in failing to advise the appellant he could not introduce evidence on his behalf in an article 1.15 proceeding and (2) in not requiring that appellant give written waiver of his right to compulsory process under an article 1.15 proceeding. We find no merit to these grounds of error. Appellant's first, second, third, fourth and eighth grounds of error are overruled.

TEX.CODE CRIM.PROC. ANN art. 1.15 (Vernon 1977) reads as follows:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, *that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment* and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and fur-

ther consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause. (emphasis supplied).

■ A defendant has certain enumerated rights under the United States and Texas constitutions. Nonetheless, he may elect to waive those rights, be they rights afforded under the federal constitution (*See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)) or under our own state's constitution (*See Thornton v. State*, 601 S.W.2d 340 (Tex.Crim.App. 1980)).

In the instant case appellant specifically waived several of his constitutional rights. He stated that he waived his right to a jury trial in response to two separate sets of questions propounded by the trial court judge. Also, prior to pleading guilty appellant signed a Waiver of Trial by Jury and a Stipulation of Evidence. Then he orally waived the reading of the indictment, his constitutional rights to have the witnesses appear in person, to confront those witnesses, and to have his attorney cross-examine them. Finally, he waived his right against self-incrimination.

We find no case or statute requiring a judge to enumerate, laundry-list style, every constitutional right that a defendant possesses and demand that the defendant note for the record his separate waiver of each. The Fifth Circuit in *United States v. Frontero*, 452 F.2d 406, 415 (5th Cir.1971) held,

This court is ... aware of no precedent from the Supreme Court, or elsewhere, for the proposition that due process requires that the defendant be informed of each and every right which is waived by a guilty plea ... before a guilty plea may be accepted.

■ There is no requirement under United States or Texas law that a defend-

ant expressly waive his right to compulsory process. FED.RULES CRIM.PROC.RULE 11(c), 18 U.S.C. outlines a defendant's right to a jury trial, right to counsel, right to confront and cross-examine witnesses, and the right against self-incrimination. State law requires an overt waiver of only three rights: (1) the right to a jury trial, (2) the right to confront one's accusers, and (3) the right to refuse to testify at trial. TEX. CODE CRIM.PROC.ANN. art. 26.13 (Vernon Supp.1984); *see generally Casares v. State*, 478 S.W.2d 462 (Tex.Crim.App.1972).

■ Appellant raises the unique argument that a defendant must also expressly waive the right to compulsory process. We disagree. The right to compulsory process is not one of the fundamental rights mentioned in *Boykin v. Alabama, supra*. Although certain other jurisdictions include it among the constitutional rights a defendant must expressly waive, Texas does not. We refuse to extend this state's policy to require such a waiver. Even assuming arguendo that the right to compulsory process should be included among those rights which must be expressly waived, our reading of the statement of facts compels us to find that appellant waived that right. When queried by the court whether he understood that he had the constitutional right to have the witnesses appear in person and that he was giving up that right, appellant twice answered, "Yes, sir." We construe this dialogue as a waiver by appellant of his right to compulsory process. However, we do not extend our ruling to hold that an express waiver of the right to compulsory process be mandated in future criminal trials in this state.

■ Appellant argues TEX.CODE CRIM. PROC. ANN. art. 1.15 is unconstitutional because it requires that the state produce sufficient evidence to support a conviction based on a plea of guilty but does not afford the defendant an opportunity to rebut the state's evidence. Appellant's argument lacks merit.

■ The United States Supreme Court stated in *Boykin v. Alabama, supra*,

that a guilty plea is more far-reaching than a confession admitting that a defendant performed certain deeds. It is a conviction with nothing remaining but for a court to render judgment and determine punishment. Article 1.15 is an additional procedural safeguard required by the State of Texas. Under this provision evidence is received to support the judgment, not to accept a plea. *Thornton v. State, supra* at 347.

■ After a defendant has entered a plea of guilty and after he has waived his right to a jury trial, the state is required to produce sufficient evidence before a judgment of guilty can be entered. Even though federal common law allows a conviction upon a guilty plea alone, Texas does not. Texas requires the judgment be supported by sufficient evidence from the state. *Thornton* held that Article 1.15, which forbids conviction without sufficient evidence supporting the judgment, "not only passes constitutional muster but also has little to do with admonishing an accused before accepting a guilty plea." *Id.* at p. 348.

■ Appellant alleges the trial court is barred from considering testimony elicited on cross-examination. However he cites no cases for this contention nor can we find any. Nothing in Article 1.15 prohibits the court from considering testimony produced through cross-examination of the state's witnesses or by the defense putting on its own evidence through rebuttal witnesses. It would, however, be illogical to allow a defendant to plead guilty and then to conduct a "mini-trial" on guilt-innocence. Any trial allowed would be on the punishment phase only, i.e., the introduction of mitigating evidence. The second sentence of Article 1.15 allows the evidence to be stipulated if the defendant consents in writing to waive the appearance, confrontation, and cross-examination of witnesses. This waiver may be done at the option of the defendant and is not required.

■ Section 1.15 does not bar the court from considering rebuttal evidence by the defendant, but even if it did, this would entail no violation of the appellant's constitutional rights. The fact that Texas requires an additional procedural safeguard after the defendant has waived his right to compulsory process by pleading guilty does not mean compliance with Article 1.15 revives constitutional rights already waived by the defendant. And appellant does not suggest on appeal that his guilty plea was not voluntary.

■ Appellant also argues under his second ground of error that Article 1.15 is unconstitutional as a violation of equal protection. We fail to follow the logic in this argument. The article applies equally to all who, as did appellant, choose to plead guilty. Enforcement is not arbitrary, and the article is not a violation of the equal protection clause.

■ In his fifth ground of error appellant contends there was supposedly no evidence indicating the building he entered was "an enclosed structure." Normally upon appealing a revocation of probation an appellant may not challenge the sufficiency of the evidence supporting the original conviction. *Vaughn v. State*, 608 S.W.2d 237 (Tex.Crim.App.1980). Appellant cites *Dinnery v. State*, 592 S.W.2d 343 (Tex.Crim.App.1980) for the proposition that a defendant may collaterally attack a conviction after a revocation if the evidence supporting the conviction was insufficient in the first place. While appellant has correctly stated a general principle of law, we do not find it applicable to his situation.

■ Appellant argues *Jones v. State*, 532 S.W.2d 596 (Tex.Crim.App.1976) holds burglary of a building is a lesser-included offense of burglary of a habitation only upon proof the building was an enclosed structure. However, in *Jones* the building in question was a newly constructed house not being used as a habitation. The holding in *Jones* is limited to its facts and does not add a new element to the statutory definition of burglary of a building.

■ Proof that the building entered be enclosed is not required for the offense of

burglary of a building. The three elements of that offense pursuant to TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974) are well established; they are

1) a person,
2) without the effective consent of the owner,
3) enters a ... building, not then open to the public, with intent to commit a felony or theft.

*Garcia v. State,* 571 S.W.2d 896, 899 (Tex. Crim.App.1978). Proof the building was enclosed was not necessary in appellant's case.

Appellant signed a Stipulation of Evidence. At trial he identified the signature on that stipulation as his and acknowledged (1) he had consulted with his attorney about it, (2) he had signed it freely and voluntarily, and (3) he understood his signing thereof meant relinquishing his right against self-incrimination.

This colloquy then ensued:

THE COURT: And, do you understand, also, that you're ... making a judicial confession of your guilt?

THE DEFENDANT: Yes, sir.

THE COURT: And, is everything else true and correct that's in this instrument [the stipulation]?

THE DEFENDANT: Yes, sir.

THE COURT: Very well. The Court will accept the Stipulation of Evidence as presented.

 A judicial confession, such as the oral one appellant undisputedly made on August 20, 1979 as a part of his plea bargain, standing alone will sustain a conviction subsequent to a guilty plea and satisfy the prerequisites of TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977). *See Dinnery, supra,* at 353, and the cases cited therein. Appellant's fifth ground of error is without merit and is therefore overruled.

 Appellant's sixth ground contends the trial court erred in overruling his motion to dismiss the revocation proceeding because Texas parole agents were not empowered to release appellant from prison,

grant him permission to leave the state, and then move to revoke his probation. However, as the Second Amended Motion to Revoke Probation states, appellant's probation was revoked for violations of four conditions of probation: (1) committing an offense against the laws of this or another state or of the United States, (2) failing to report as directed, (3) neglecting to pay his supervision fee, and (4) failing to reimburse Harris County for the compensation it had expended on his court-appointed attorney. A violation of one condition of probation provides sufficient cause for a trial court's revocation of a defendant's probation. *Moore v. State,* 605 S.W.2d 924 (Tex.Crim. App.1980).

 Appellant argues that because the relationship between a trial court and a probationer is contractual in nature, the doctrine of equitable estoppel barred the state from proceeding with the revocation hearing. We agree that the relationship is contractual in nature. *See Bradley v. State,* 564 S.W.2d 727 (Tex.Crim.App.1978). But the evidence is clear appellant breached several clauses of that contract and made no attempt to modify or alter it by seeking the court's permission to report by mail. The court, not an individual probation officer, has the authority to change the conditions of probation. Appellant's obligation is to the court as the contract is judicial in nature. *See Johnson v. State,* 638 S.W.2d 206 (Tex.App.—Fort Worth 1982). He may not now complain thereof. We overrule appellant's sixth ground of error.

Appellant, in his seventh ground of error, alleges the trial court abused its discretion by ordering him to pay extradition costs as a condition of his parole. The order revoking appellant's probation contained a provision requiring him "to pay restitution for extradition fees in the amount of $1,180.00 as a condition of parole." TEX.CODE CRIM.PROC. ANN. art. 42.12, § 15(g) (Vernon 1984) provides:

Each person to be released on parole shall be furnished ... the conditions and

rules of parole. The conditions shall include the making of restitution or reparation to the victim of the prisoner's crime,
....

Appellant argues that the "victim" cannot be the state itself and asks on appeal for a reformation of that portion of the judgment or a reversal and remand thereof.

■ The statutory language cited above authorizes the trial court to set restitution as a condition of parole. We need not reach a decision on the state's argument that the state itself can be a "victim" for purposes of such restitution; the record contains no evidence of the amount of extradition costs. The Order Revoking Probation and Sentence contains a recital of the amount, but no evidence supports it.

In *Barker v. State*, 662 S.W.2d 640, 642 (Tex.App.—Houston [14th Dist.] 1983), this court held, "Due process requires sufficient evidence in the record to show the amount ordered by the trial court has a factual basis." Such evidence is not present in the record in appellant's case. Therefore, the restitution condition is deleted from the sentence. With this reformation of the judgment, appellant's seventh ground of error is overruled.

The judgment of the trial court is affirmed as reformed striking the restitution provision.