Affirmed and Memorandum Opinion filed April 24, 2003









Affirmed
and Memorandum Opinion filed April 24, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-02-00616-CR

         14-02-00617-CR

____________

 

ANTRON DEWITT FREEMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause Nos. 889,672 and
889,671

 



 

M E M O R A N D U M   
O P I N I O N

Appellant pleaded guilty to two felony offenses of delivery
of a controlled substance, and the trial court assessed twelve years’
confinement in the Texas Department of Criminal Justice, Institutional
Division.  On appeal, appellant complains
that (1) the trial court denied appellant his right to compulsory process, and
(2) the trial court imposed on him a cruel and unusual punishment.  We affirm.








Appellant voluntarily pleaded guilty to two counts of
delivery of a controlled substance of more than four grams and less than two
hundred grams.  After the pre-sentence
investigation hearing, in which appellant introduced two witnesses and
testified himself, the trial court sentenced appellant to twelve years= confinement.  On appeal, appellant now raises six points of
error.  Combined in his first four
issues, appellant contends the trial court denied him a right to compulsory
process and failed to properly admonish him regarding waiver of his compulsory
process.  In his last two issues,
appellant argues, under Texas and United States Constitutions, his twelve-year
incarceration sentence constitutes cruel and unusual punishment.

I.          Compulsory
Process

First, appellant raises constitutional arguments regarding
his right to compulsory process.  He
urges this Court to fashion a new rule that a defendant must expressly waive
his right to compulsory process before pleading guilty to a crime.  Appellant also asserts article 1.15 of the
Texas Code of Criminal Procedure is unconstitutional.  We disagree with both of appellant’s
arguments. 

Regarding his waiver argument, the Supreme Court has
enumerated the rights that specifically must be waived when a defendant pleads
guilty: the right not to incriminate one’s self, the right to trial by jury,
and the right to confront one=s accusers.  Boykin
v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).  Appellant waived these rights in writing when
he pleaded guilty.  Texas does not
require that a defendant also expressly waive his right to compulsory
process.  Lyles v. State, 745
S.W.2d 567, 567 (Tex. App.CHouston [1st Dist.] 1988, writ ref’d).  In Vanderberg, this Court addressed
appellant=s exact argument.  Vanderberg v. State, 681 S.W.2d 713,
717 (Tex. App.CHouston [14th Dist.] 1984, writ ref=d). 
There we held, “[t]he right to compulsory process is not one of the
fundamental rights mentioned in Boykin v. Alabama.”  Id.  We acknowledged that some states require a
waiver of a defendant=s compulsory process, but Texas does not.  Id. 
We again decline to broaden this state’s policy to require a
waiver.  








Appellant=s second assertion, that article 1.15 of the Texas Code of
Criminal Procedure is unconstitutional, is likewise without merit and also
previously addressed in Vanderberg. 
Appellant argues that article 1.15 requires evidence of guilt before a
trial court can accept a defendant’s plea of guilty, yet he claims a defendant
cannot introduce defense witnesses to refute the state=s evidence.  The purpose of article 1.15 of the Texas Code
of Criminal Procedure is to “ensure that no person may be convicted of a felony
on a plea of guilty without sufficient evidence being introduced to show guilt.”  Lyles, 745 S.W.2d at 567.  It is an additional safeguard provided in
Texas.  Vanderberg, 681 S.W.2d at
718.  The article does not prohibit the
defendant from offering evidence through cross-examination or by introducing
defense witnesses.  However, witnesses
may be introduced only at the punish-ment phase.  We previously stated that “[i]t would . . .
be illogical to allow a defendant to plead guilty and then to conduct a ‘mini-trial’
on guilt-innocence.  Any trial allowed
would be on the punishment phase only.”  Id.  Here, during the punishment phase, appellant
introduced two witnesses and he testified. 
The trial court considered the testimony and sentenced appellant to only
twelve years’ incarceration rather than the potential ninety-nine years.  Again, we hold that article 1.15 is
constitutional.  We reaffirm our holding
in Vanderberg, and we overrule appellant=s first four issues.

II.        Cruel and
Unusual Punishment








Next, we address appellant’s argument that his punishment was
cruel and unusual.  Most importantly, to
complain to this Court that his sentence was cruel and unusual, appellant must
have objected at trial.  He did not.  See Rhoades v. State, 934 S.W.2d 113,
120 (Tex. Crim. App. 1996); see also Jacobs v. State, 80 S.W.3d 631, 632B33 (Tex. App.CTyler 2002, no pet.); Tex. R. App. P. 33.1.  By failing to object to the sentence,
appellant failed to preserve the issue for appeal. See Nicholas v. State,
56 S.W.3d 760, 768 (Tex. App.CHouston [14th Dist.] 2001, pet. ref’d).  “As a prerequisite to presenting a complaint
for appellate review, the record must show that:  (1) the complaint was made to the trial court
by a timely request, objection, or motion . . .”  Tex.
R. App. P. 33.1(a).  At the time
the sentence was assessed, appellant did not object that his sentence violated
his constitutional rights, nor did he raise this issue in a post-trial
motion.  Therefore, appellant=s argument that the sentence violated
his constitutional rights has been waived.

However, even if appellant preserved error by objecting, the
sentence imposed does not constitute cruel and unusual punishment.  The legislature has the power to define
crimes and assess punishment.  See
Jacobs, 80 S.W.3d at 633.  Punishment
that falls within the statutory guidelines is not excessive.  See id.; see also Harris v. State,
656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d
949, 952 (Tex. Crim. App. 1973).  “[W]here
the punishment assessed by the judge or jury was within the limits prescribed
by the statute the punishment is not cruel and unusual within the
constitutional prohibition.”[1]  Samuel v. State, 477 S.W.2d 611, 614
(Tex. Crim. App. 1972).  Here, appellant
pleaded guilty to two counts of delivery of a controlled substance, both first
degree felonies.  Tex. Health & Safety Code Ann. ' 481.112(d).  The statutory limitation for a first degree
felony is from five years to ninety-nine years in prison.  Tex.
Pen. Code Ann. ' 12.32(a).  The trial
court assessed punishment on the lower end of this rangeCat twelve years.  Because the sentence was within the statutory
limits, appellant’s punishment is not prohibited as cruel, unusual, or
excessive.  See Harris, 656 S.W.2d
at 486; Jordan, 495 S.W.2d at 952. 
We overrule appellant’s last two issues and affirm the judgment of the
trial court.

 

 

/s/        Wanda McKee
Fowler

Justice

 








 

Judgment rendered and Memorandum Opinion filed April 24, 2003.

Panel consists of Chief Justice Brister, Justices Fowler and Murphy.[2]

Do Not Publish C Tex. R. App. P.
47.2(b).











[1]  The United
States Supreme Court noted that an exception exists to this general rule.  A[A]
criminal sentence must [also] be proportionate to the crime for which the
defendant has been convicted.@  Solem v.
Helm, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009 (1983).  Here, the record does not contain evidence that
appellant=s sentence was grossly disproportionate to other
sentences for a person previously convicted of a first degree felony in Texas.





[2]  Senior Chief
Justice Paul C. Murphy participating by assignment.