Dismissed and Memorandum Opinion filed June 29, 2004









Dismissed and Memorandum Opinion filed June 29, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01156-CR

____________

 

JAMES WATSON, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

__________________________________________________________

 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No.
830,876

__________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, James Watson, entered a plea of guilty to the
offense of aggravated sexual assault of a child.  On July 26, 2000, the trial court deferred a
finding of guilt and placed appellant on deferred adjudication community
supervision for ten years.  The State
filed a motion to adjudicate appellant=s guilt on June 20, 2003.  Appellant entered a plea of true to the
allegations in the motion.  After a
hearing, on October 3, 2003, the trial court adjudicated appellant=s guilt and sentenced him to
confinement for eight years in the Institutional Division of the Texas
Department of Criminal Justice. 
Appellant filed a pro se notice of appeal.  We dismiss the appeal for want of jurisdiction.









Appellant=s appointed counsel filed a brief commonly referred to as a AVanderburg brief.@ 
See Vanderburg v. State, 681 S.W.2d 713 (Tex. App.CHouston [14th Dist.] 1984, pet. ref=d). 
Appellant raises four points of error challenging the constitutionality
of article 1.15 of the Texas Code of Criminal Procedure on the grounds that it
operates to deprive appellant of his right to compulsory process.  See Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004) (setting forth the
statutory procedure for entering and accepting a plea of guilty or nolo
contendere to a felony offense). 
Specifically, he asserts the statutory procedure permits only the State
to produce evidence of a defendant=s guilt, in violation of both his
state and federal constitutional rights to compulsory process.  He also asserts that both the state and
federal constitutions require an express waiver of the right to compulsory
process.

In Vanderburg, this court rejected identical
claims.  681 S.W.2d at 717B18. 
We have repeatedly followed Vanderburg in a series of unpublished
opinions.  See, e.g., Allen v. State,
No. 14-02-00542-CR, 2003 WL 548692 (Tex. App.CHouston [14th Dist.] Feb. 27, 2003,
pet. ref=d) (not designated for publication);
Marinelli v. State, No. 14-00-01479-CR, 2001 WL 1590526 (Tex. App.CHouston [14th Dist.] Dec. 13, 2001,
no pet.) (not designated for publication); Morrison v. State, No.
14-00-00111-CR, 2000 WL 1785017 (Tex. App.CHouston [14th Dist.] Dec. 7, 2000,
pet. ref=d) (not designated for
publication).  The First Court of Appeals
also has rejected the same arguments.  See
Lyles v. State, 745 S.W.2d 567, 567B68 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d). 
We find it unnecessary to discuss appellant=s issues, however, because we lack
jurisdiction over the appeal.[1]








A defendant placed on deferred adjudication community
supervision may raise issues relating to the original plea proceeding only
in appeals taken when deferred adjudication community supervision is first
imposed.  Manuel v. State, 994
S.W.2d 658, 659 (Tex. Crim. App. 1999) (emphasis supplied).  Appellant did not appeal from the trial court=s order deferring a finding of guilt
and placing him on community supervision. 
Therefore, appellant may not challenge a purported lack of compulsory
process afforded during the plea proceedings. 
See Daniels v. State, 30 S.W.2d 407, 408 (Tex. Crim. App. 2000)
(holding defendant could not appeal any issues relating to original deferred
adjudication proceeding, including the voluntariness of his plea, in appeal
from adjudication proceeding).[2]  

Accordingly, the appeal is ordered dismissed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed June 29, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman.  

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Because these
issues have been rejected numerous times by several courts, the State suggests
that this court consider ordering appellant=s
counsel to file an Anders brief.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We find it unnecessary to order re-briefing
in this case, however, because the record demonstrates we lack jurisdiction. 





[2]  While a
defendant appealing from deferred adjudication may raise an issue unrelated to
his conviction, such as a complaint concerning the punishment imposed, an
objection is required to preserve error. 
See Vidaurri v. State, 49 S.W.3d 880, 886 (Tex. Crim. App.
2001).  No error unrelated to the
conviction was preserved below or raised on appeal in this case.