Opinion issued October 7, 2004














                                                    
In The
Court of Appeals
For The
First District of Texas
 

 
 
NOS. 01-03-00732-CR
          01-03-00880-CR
____________
 
RONTRELL DOMINIQUE ADAMS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause Nos. 913859 and 916413
 

 
 
MEMORANDUM OPINIONAppellant, Rontrell Dominique Adams, pleaded no contest to two charges of
aggravated assault. The trial court found him guilty and sentenced him to 16 years’
in prison and a $10,000 fine in each case. In four points of error, appellant contends
that the trial court erred (1) in violating appellant’s state and federal rights to
compulsory process and (2) in entering a judgment of guilt where the record is silent
as to appellant’s waiver of his state and federal rights to compulsory process. We
affirm. 
Facts
          Appellant entered a plea of no contest to the allegations in the indictment and
waived his right to trial by jury, his rights to appearance, confrontation, and cross-examination of witnesses, and his right against self-incrimination. Appellant also
waived his right to have a court reporter record his plea. The trial court withheld a
finding of guilt and ordered a pre-sentence investigation (PSI) be conducted. The PSI
was conducted, and a sentencing hearing was held. 
                                                 Compulsory Process
          In four points of error, appellant contends that the trial court erred (1) in
violating appellant’s state and federal rights to compulsory process and (2) in entering
a judgment of guilt where the record is silent as to appellant’s waiver of his state and
federal rights to compulsory process. 
Standard of Review 
          The standard of review for compulsory process is abuse of discretion. Drew
v. State, 743 S.W.2d 207, 225 n.11 (Tex. Crim. App. 1987). Under an abuse of
discretion standard of review, the trial court’s ruling must be affirmed if it falls within
the zone of reasonable disagreement; that is, if the trial court did not act arbitrarily
and capriciously or without reference to any guiding rules and principles. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). In the absence
of a record on the hearing, it is presumed that the trial court’s ruling was correct and
that the evidence supported the court’s decision. Hardin v. State, 471 S.W.2d 60, 63
(Tex. Crim. App. 1971). 
Rights to Compulsory Process
          In points of error one and two, appellant contends that the trial court erred in
violating his state and federal rights to compulsory process. Appellant contends that
a plea of no contest under article 1.15 of the Texas Code of Criminal Procedure is a
trial, and that, in violation of its rights to compulsory process under the Sixth and
Fourteenth Amendments of the U.S. Constitution and Article 1, section 10 of the
Texas Constitution, article 1.15 bars the defense from putting on evidence. 
          The record reflects that appellant “[gave] up [his] right to a jury in this case and
[his] right to require the appearance, confrontation and cross examination of
witnesses,” and he “consent[ed] to oral and written stipulations of evidence in this
case.” Appellant has waived these points of error. A defendant cannot normally
complain that he was deprived of a constitutional right, such as compulsory process
of witnesses, which he did not attempt to exercise and, in fact, waived. Drew v. State,
743 S.W.2d 207, 225 (Tex. Crim. App. 1984).
          We overrule points of error one and two.
Silent Record 
          In points of error three and four, appellant contends that the trial court erred in
entering a judgment of guilt where the record is silent as to appellant’s waiver of his
state and federal rights to compulsory process. Appellant argues that article 1.15 
bars the defense from presenting evidence and that, in the absence of a proper waiver
of compulsory process by the defendant, a judgment of guilt for a non-capital felony
offense is unconstitutional. Thus, the third and fourth points of error are based on the
same premise underlying points of error one and two, that article 1.15 bars the
defense from having its evidence considered by the trial court. 
          In the absence of a record on the hearing, we must presume that the ruling of
the trial court was correct and that the evidence supported the court’s decision. 
Hardin, 471 S.W.2d at 63. Appellant waived his right to have a court reporter record
his plea. Appellant, relying on Samudio v. State 648 S.W.2d 312, 314 (Tex. Crim.
App. 1983), argues that, where the record is silent, the State has not met its
constitutional burden of establishing a knowing and intelligent waiver. However,
Samudio is distinguishable because it involved waiver of a jury trial, one of the three
fundamental constitutional rights


 requiring an express waiver. Id. Compulsory
process, however, is not one of the fundamental rights requiring a specific waiver. 
Lyles, 745 S.W.2d at 568. 
          Appellant contends that there is nothing in the record showing that he waived
his right to produce witnesses on his behalf. We disagree. Appellant expressly 
waived not only his right to confront and cross-examine witnesses, but also his right
to have witnesses appear on his behalf. See Vanderburg v. State, 681 S.W.2d 713,
717 (Tex. App.—Houston [14th Dist.] 1984, pet. ref’d) (holding that a waiver by a
defendant to have witnesses appear on his behalf is a waiver of compulsory process). 
          We overrule points of error three and four. 
                                                   Conclusion
          We affirm the judgment of the trial court. 
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.
 
Do not publish. Tex. R. App. P. 47.2(b).