Affirmed and Memorandum Opinion filed February 1, 2005









Affirmed and Memorandum Opinion filed February 1, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00154-CR

_______________

 

MICHAEL THWAYNE JONES, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

__________________________________________________

 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 955,781

__________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Michael Thwayne Jones, pled guilty to the offense
of aggravated robbery.  In four issues,
appellant contends (1) the trial court erred in accepting his guilty plea in
accordance with article 1.15 of the Code of Criminal Procedure because the
statute deprived appellant of his constitutional right to compulsory process,
and (2) the trial court erred in finding appellant guilty where the record is
silent as to waiver of his right to compulsory process.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

 








Background

Appellant was charged by indictment with the offense of
aggravated robbery.  He waived his right
to a jury trial and pled guilty to the charged offense without an agreed
recommendation from the State as to punishment. 
After a bench trial, the trial court found appellant guilty and assessed
punishment at five years= confinement and a $5,000 fine.  No court reporter was present to record
appellant=s plea proceedings or assessment of
punishment. 

Denial of
Compulsory Process

In his first and second issues, appellant contends the trial
court committed fundamental error by proceeding to judgment and sentence after
accepting appellant=s guilty plea pursuant to Texas Code of Criminal Procedure
article 1.15.  Appellant maintains that
this procedure violated both his federal and state constitutional rights to
compulsory process because it required the State to produce evidence to support
the judgment of guilt and prohibited the trial court from considering any
evidence offered by appellant.

Compulsory process is A>the right to present a defense, the
right to present the defendant=s version of the facts as well as the prosecution=s to the jury so it may decide where
the truth lies.=@ 
Coleman v. State, 966 S.W.2d 525, 527 (Tex. Crim. App. 1998)
(quoting Washington v. Texas, 388 U.S. 14, 19 (1967)).  Compulsory process is an integral component,
a core interest, of due process law.[1]  Washington, 388 U.S. at 19.  However, the right to compulsory process is
not absolute.  Weaver v. State,
657 S.W.2d 148, 150 (Tex. Crim. App. 1983).








Article
1.15 provides a statutory procedure for entering a guilty plea and proceeding
to trial before the bench in non-capital felony cases.  See Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004B05). 
The relevant portion of article 1.15 reads as follows:

No person can be convicted of a felony except upon the
verdict of a jury duly rendered and recorded, unless the defendant, upon
entering a plea, has in open court in person waived his right to trial by jury
in writing in accordance with Articles 1.13 and 1.14; provided, however, that
it shall be necessary for the State to introduce evidence in the record showing
the guilt of the defendant and said evidence shall be accepted by the court as
the basis for its judgment and in no event shall a person be convicted upon
his plea without sufficient evidence to support the same. . . .   

 

Tex. Code Crim. Proc. Ann.
art. 1.15 (emphasis added).

 

Appellant contends that the portion of the statute which
states, Ait shall be necessary for the State
to introduce evidence into the record showing the guilt of the defendant and
said evidence shall be accepted by the court as the basis for its judgment . .
.@ expressly precludes the court from
considering evidence the defendant offers. 
Appellant, therefore, asserts that by following article 1.15, the trial
court denied appellant his right to compulsory process.








Appellant
misconstrues the purpose and effect of article 1.15, and we have previously
rejected his exact argument.  See
Vanderburg v. State, 681 S.W.2d 713, 717B18 (Tex. App.CHouston [14th Dist.] 1984, pet. ref=d).[2]  The purpose of article 1.15 is to ensure that
no person may be convicted of a felony on a plea of guilty without sufficient
evidence being introduced to show guilt. 
Lyles v. State, 745 S.W.2d 567, 567 (Tex. App.CHouston [1st Dist.] 1998, pet. ref=d). 
The effect of the article is to maintain the burden of proof on the
State even where a plea of guilty or nolo contendere has been entered by the
defendant.  Thornton v. State, 601
S.W.2d 340, 344 (Tex. Crim. App. 1980), rev=d on other grounds by Bender v. State, 758 S.W.2d 278 (Tex. Crim. App.
1988).  Nothing in article 1.15 prohibits
the defendant from offering evidence or prohibits the court from considering
evidence offered by a defendant.  Lyles,
745 S.W.2d at 568.  

Moreover,
even if article 1.15 did preclude the court from considering evidence offered
by a defendant, it would not infringe upon appellant=s constitutional right to compulsory
process.  As we noted in Vanderburg,
a guilty plea is a conviction with nothing remaining for the court to do but
render judgment and determine punishment. 681 S.W.2d at 718; see also Boykin
v. Alabama, 395 U.S. 238, 242 (1969). 
Article 1.15 is simply an additional procedural safeguard after the
defendant has waived his right to compulsory process by pleading guilty.  Vanderburg, 681 S.W.2d at 718.[3]

Accordingly,
the trial court did not violate appellant=s right to compulsory process by
accepting his guilty plea, and proceeding to judgment and sentence, in
accordance with article 1.15.  We
overrule appellant=s first and second issues.

Waiver of Right to Compulsory
Process








In
his third and fourth issues, appellant contends that the trial court committed
fundamental error by accepting his guilty plea because the record does not
indicate whether appellant waived his federal and state rights to compulsory
process.  We have also addressed and
rejected this exact argument.  See
Vanderburg, 681 S.W.2d at 716B17. 
Texas law requires an express waiver of only three rights: (1) the right
to trial by jury; (2) the right to confront one=s accusers; and (3) the right not to
incriminate one=s self.  Id.  There is no further requirement under
Texas or federal law that a defendant expressly waive his right to compulsory
process.  See id.  Therefore, the trial court did not err in
failing to procure a specific waiver of appellant=s right to compulsory process.  We overrule appellant=s third and fourth issues.[4]


Accordingly,
the judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed February 1, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The right to
compulsory process is guaranteed by the Sixth Amendment to the United States
Constitution and Article I, Section 10 of the Texas Constitution.  See U.S.
Const. Amend. VI.; Tex. Const.
Art. I, ' 10.





[2]  The arguments
raised by appellant have also been rejected numerous times by this court in a
series of unpublished opinions.  See,
e.g., Morrison v. State, No. 14-00-00111-CR, 2000 WL 1785017 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).    Therefore,
the State contends that this appeal is frivolous and suggests that we order
appellant’s counsel to file an Anders brief.  See Anders v. California, 386 U.S.738,
87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). 
However, we decline to do so.





[3]  Appellant
acknowledges this court=s holding in Vanderburg, but cites to several
opinions of the Court of Criminal Appeals and interprets those cases as
requiring a trial court to conduct a full trial on a guilty plea.  See Thornton v. State, 601 S.W.2d 340
(Tex. Crim. App. 1980); Dinnery v. State, 592 S.W.2d 343 (Tex. Crim.
App. 1980); Moon v. State, 572 S.W.2d 681 (Tex. Crim. App. 1978); Bolton
v. State, 59 S.W.2d 833 (Tex. Crim. App. 1933).  However, all of the cases cited predate Vanderburg
and Lyles, and most are analyzed by the courts of appeals’ opinions
in reaching the conclusion that the procedures under article 1.15 do not
violate a defendant=s right to compulsory process.   





[4]  Appellant
requests that we follow the decisions of other jurisdictions which require an
express waiver of a defendant’s right to compulsory process.  In Vanderburg, we acknowledged that
other jurisdictions require an express waiver of a defendant’s right to
compulsory process, but held that Texas does not require such a waiver.  681 S.W.2d at 717.  We once again refuse to broaden this state’s policy
to require an express waiver.