Affirmed and Memorandum Opinion filed February 22, 2007








Affirmed and Memorandum Opinion filed February 22, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00313-CR

____________

 

FRANKLIN WILLIAM LAMBERT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause No. 968321

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Franklin William Lambert, appeals from an order
adjudicating his guilt for aggravated robbery and assessing his punishment at
twenty years in prison.  We dismiss his appeal in part and affirm the trial
court=s judgment.

I.        Factual
and Procedural Background








In October 2004, appellant pleaded guilty, without an
agreed punishment recommendation, to aggravated robbery.  The trial court found
the evidence substantiated appellant=s guilt, deferred
a finding of guilt, and placed appellant on deferred adjudication community
supervision for eight years.  Appellant did not appeal that order. 
Approximately three months later, the State moved to adjudicate appellant=s guilt. The State
filed an amended motion to adjudicate in August, 2005.  Following a hearing,
the trial court found appellant guilty and sentenced him to 20 years= confinement in
the Texas Department of Criminal Justice, Institutional Division. 

II.       Analysis
of Appellant=s Issues

A.      Jurisdiction
and the Constitutionality of Article 1.15

In his first two issues, appellant contends that article
1.15 of the Texas Code of Criminal Procedure,[1]
which prescribes the procedure for guilty plea proceedings, violates his
federal and state constitutional rights to compulsory process because it
requires the State to produce evidence to support the judgment of guilt and
prohibits the trial court from considering any evidence offered by appellant. 
In his third and fourth issues, appellant asserts that both the federal and
state constitutions require an express waiver of the right to compulsory
process.  The State responds that we have no jurisdiction to consider these
issues.  We agree with the State and dismiss appellant=s first four
issues for lack of jurisdiction.








The Texas Court of Criminal Appeals has held that Aa defendant placed
on deferred adjudication community supervision may raise issues relating to the
original plea proceeding, such as evidentiary sufficiency, only in appeals taken
when deferred adjudication community supervision is first imposed.@  Manuel v.
State, 994 S.W.2d 658, 661B62 (Tex. Crim. App. 1999).  But, if the
original judgment is void, the general rule does not apply.  See Nix v.
State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). 

This Avoid judgment@ exception allows
an appellant to raise error regarding his original plea hearing after
revocation of probation if the error is one that would render the original
judgment void.  Id. at 667B68.  It applies in
Arare situations@ in which the
trial court had no power to render the judgment.  Id. at 668.  A
judgment of conviction is void when: (1) the document purporting to be a
charging instrument does not satisfy the constitutional requisites of a
charging instrument; (2) the trial court lacks subject matter jurisdiction over
the offense; (3) the record reflects there is no evidence to support the
conviction; or (4) counsel was not appointed for an indigent defendant who had
not waived the right to counsel.  Id.  The Court of Criminal Appeals has
stated, AWhile we hesitate
to call this an exclusive list, it is very nearly so.@  Id.

Appellant contends the trial court committed fundamental
error in accepting appellant=s guilty plea for aggravated robbery
because article 1.15 unconstitutionally denies his federal and state rights to
compulsory process by prohibiting him from presenting evidence.  However,
appellant does not argue that this alleged fundamental error falls within one
of the four categories the Court of Criminal Appeals has identified in Nix as
situations in which the Atrial court had no power to render the
judgment@ and thus the
judgment was void.  See id.  Nor has appellant demonstrated that the
trial court=s acceptance of his guilty plea otherwise resulted in
a void judgment. 








The rights of an accused are separated into three
categories with regard to waiver of those rights: (1) absolute requirements and
prohibitions which cannot be waived; (2) rights of litigants which must be
implemented by the system unless expressly waived; and (3) rights of litigants
which are to be implemented upon request.  Marin v. State, 851 S.W.2d
275, 279 (Tex. Crim. App. 1993), overruled on other grounds by Cain
v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).  All but the most
fundamental rights may be forfeited if not insisted upon by the party to whom
they belong; many constitutional rights fall into this category.  See id.;
see also Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004)
(stating that A[e]xcept for complaints involving systemic (or
absolute) requirements, or rights that are waivable only, . . . all other
complaints, whether constitutional, statutory, or otherwise, are forfeited by
failure to comply with Rule 33.1(a)@).  

We are confident that the Court of Criminal Appeals would
conclude that the right to compulsory process in the context of a guilty plea
under article 1.15 is a right that may be forfeited.  Thus, the trial court=s acceptance of
appellant=s guilty plea did not result in fundamental error. 
Moreover, we note that appellant, at the time of his plea, signed a written
waiver in which he affirmatively waived the appearance, confrontation, and
cross-examination of witnesses.  The right to have witnesses appear is subsumed
within the right to compulsory process, and we construe appellant=s waiver as a
waiver of his right to compulsory process.  See Vanderburg v. State, 681
S.W.2d 713, 717 (Tex. App.CHouston [14th Dist.] 1984, pet. ref=d) (construing
appellant=s verbal waiver of his constitutional right to have
witnesses appear in person as a waiver of his right to compulsory process).

Thus, appellant was required to appeal at the time the
trial court placed him on deferred adjudication.  See Manuel, 994 S.W.2d
at 661B62.  He did not do
so.  Appellant=s appeal after adjudication and revocation is
untimely, and we have no jurisdiction to address his first two issues.  

B.      Express
Waiver of Compulsory Process








In his third and fourth issues, appellant contends the
trial court fundamentally erred in proceeding to judgment because there is no
evidence in the record that he expressly waived his federal and state
constitutional rights to compulsory process.  However, In Vanderburg, we
held there was no requirement under either federal or Texas law that a
defendant expressly waive his right to compulsory process.  681 S.W.2d at 717.[2] 
Because there is no requirement that a defendant expressly waive his right to
compulsory process, there is no fundamental error.  Moreover, as discussed in
the previous section, appellant=s affirmative waiver of his constitutional
right to have witnesses appear effectively constituted a waiver of the right to
compulsory process.

Because appellant failed to timely appeal at the time he
entered his plea and was placed on deferred adjudication probation, we have no
jurisdiction over his third and fourth issues.  See Manuel, 994 S.W.2d
at 661B62. 

C.      Sua
Sponte Withdrawal of Guilty Plea

In his fifth issue, appellant contends the trial court
reversibly erred by failing to sua sponte withdraw his guilty plea
because he testified at the hearing on the State=s motion to
adjudicate guilt that he did not use a weapon during the offense, and he had
filed pro se motions seeking discovery of any weapon used.  According to
appellant, the record raises an issue concerning whether his plea was
voluntary.

A trial court has no duty to withdraw a defendant=s plea of guilty sua
sponte after the defendant has waived a jury, even if the evidence fairly
raises an issue as to the innocence of the defendant.  See Thomas v. State,
599 S.W.2d 823, 824 (Tex. Crim. App. 1980); Moon v. State, 572 S.W.2d
681, 682 (Tex. Crim. App. 1978) (op. on reh=g).  As the trier
of fact, the trial court may, without withdrawing the plea, decide the issue,
either finding the defendant not guilty or guilty as it believes the facts
require.  Thomas, 599 S.W.2d at 824.  Thus, no valid purpose would be
served by requiring a trial court to withdraw a guilty plea.  See Moon,
572 S.W.2d at 682.  








Relying on Payne v. State, appellant asserts the
trial court erred in not permitting him to withdraw his plea.  See 790
S.W.2d 649, 650B51 (Tex. Crim. App. 1990).  In Payne,
the defendant presented evidence indicating that he was guilty of a lesser
offense during sentencing, after he had entered a guilty plea.  Id. 
However, Payne involved a timely motion by the defendant to withdraw the
guilty plea.  Therefore, Payne does not support appellant=s position. 

The trial court was not required to sua sponte
withdraw appellant=s prior plea of guilty based on his
testimony at the adjudication hearing.  We overrule appellant=s fifth issue.

D.      Issues
Relating to Appellant=s Sentence

In his sixth and seventh issues, appellant contends his
twenty-year sentence constitutes cruel and unusual punishment in violation of
his federal and state constitutional rights.  See U.S. Const. amends.
VIII, XIV; Tex. Const. art. I, ' 13.  However, appellant did not object to
the sentence as violating his constitutional rights at the time it was
announced.  Nor did he raise these arguments in a post‑trial motion.  The
constitutional right to be free from cruel and unusual punishment may be
waived, as here.  See Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Nicholas
v. State, 56 S.W.3d 760, 768 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).  Therefore, appellant failed to
preserve his complaints for appeal.

Conclusion

We are without jurisdiction to
consider appellant=s issues one through four, and we
dismiss that portion of the appeal.  Having overruled appellant=s fifth, sixth and seventh issues,
we affirm the judgment of the trial court. 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment rendered
and Memorandum Opinion filed February 22, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The statute provides in relevant part: 

 

No
person can be convicted of a felony except upon the verdict of a jury duly
rendered and recorded, unless the defendant, upon entering a plea [waives his
right of trial by jury]; provided, however, that it shall be necessary for the
state to introduce evidence into the record showing the guilt of the defendant
and said evidence shall be accepted by the court as the basis for its judgment
and in no event shall a person charged be convicted upon his plea without
sufficient evidence to support the same.  The evidence may be stipulated if the
defendant in such case consents in writing, in open court, to waive the appearance,
confrontation, and cross‑examination of witnesses, and further consents
to an oral stipulation of the evidence and testimony

 Y Such waiver and consent must be approved by the court
in writing, and be filed in the file of the papers of the cause. 

 

Tex. Code Crim. Proc. art. 1.15.





[2]  Appellant acknowledges our holding in Vanderburg,
but requests that we follow the decisions of other jurisdictions that require
an express waiver of a defendant=s
right to compulsory process.  As in Vanderburg, however, we refuse to
broaden this state=s policy to require an express waiver.  See
Vanderburg, 681 S.W.2d at 717.